


Cathy A. Catterson
 Clerk of Court

(415) 556-9800

> *This summary constitutes no part of the opinion of the court.*
> *It has been prepared by court staff for the convenience of the reader.*

<u>Public Utilities Commission of the State of California v. FERC</u>,  01-71051, 01-71321, 01-71544, 02-70254, 02-70266, 02-70275, 02-70282, 02-70285, 02-70301, 02-72113, 03-73887, 03-74252, 03-74527, 03-74531, 03-74594, 04-73501

Opinion Filed:     8/2/06
Panel:        Thomas (author)    McKeown    Clifton

These consolidated petitions for review  involve a series of orders issued by the Federal Energy Regulatory Commission ("FERC") relating to refunds for excessive electricity costs charged by energy suppliers during California's 2000 and 2001 energy crisis.  Numerous parties challenged the FERC orders, including the State of California, energy suppliers and generators, the Port of Oakland, other public entities and the Bonneville Power Administration.  In the decision filed today, the panel preserved the scope of FERC's existing refund proceedings, but also expanded the scope to include additional transactions.

In 1996, the California legislature enacted Assembly Bill 1890 ("AB 1890") to deregulate California's electric energy industry.  It created the California Power Exchange Corporation ("CalPX"),  a nonprofit wholesale clearinghouse, which was to operate pursuant to a FERC-approved tariff and FERC wholesale rate schedules. Investor-owned utilities were required to purchase all the electrical energy that they required from the CalPX markets and to conduct all of their sales through the CalPX market.  The California Independent System Operator ("Cal-ISO"), also created by AB 1890 and subject to FERC jurisdiction, was  responsible for managing California's electricity transmission grid and balancing electrical supply and demand.

In August 2000, an investor-owned utility filed a complaint under § 206 of the Federal Powers Act (the "Act") against all sellers of energy and ancillary services in the CalPX and Cal-ISO markets.  Other parties joined the complaint and FERC opened an investigation.   Under § 206 of the Act, FERC may

investigate whether electric rates are "just and reasonable," and if FERC finds a rate unreasonable, it must order the imposition of a just and reasonable rate. FERC may order refunds for any period subsequent to the "refund effective date," which is a date FERC establishes that is at least sixty days after the filing of the complaint. Under § 309 of the Act, FERC can order refunds regardless of the refund effective date if it finds that there have been violations of the filed tariff.

FERC subsequently issued orders: proposing structural changes to the operation of the CalPX and Cal-ISO markets; establishing October 2, 2000 as the refund effective date based on the date of the filing of the initial complaint; and ordering refunds limited to Cal-ISO and CalPX spot market transactions completed during the period from October 2, 2000 through June 20, 2001. FERC refused to order refunds under § 309 for periods prior to the refund effective date of October 2, 2000.

In today's opinion, the panel held that all the transactions at issue in this case that occurred within the CalPX or Cal-ISO markets, or as a result of CalPX or Cal-ISO transactions, were the proper subject of the refund proceedings instituted by FERC. The panel denied the petitions for review which sought to expand FERC's refund proceedings into bilateral markets beyond the CalPX and Cal-ISO markets. The panel preserved the scope of the existing FERC refund proceedings, but expanded the refund proceedings to also include: (1) tariff violations that occurred prior to October 2, 2000; (2) transactions in the CalPX and Cal-ISO markets that occurred outside the 24-hour period specified by FERC; and (3) energy exchange transactions in the CalPX and Cal-ISO markets. The panel remanded for further proceedings.

---

**Lead Counsel for Petitioners**:
Stan Berman for Pacific Gas & Electric          206-389-4276
Sean Gallagher for California PUC          415-703-2059

**Lead Counsel for Respondent:**
Robert Solomon for FERC          202-502-8257